UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANGELA M. C.,

                  Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

CASE NO. C23-5880-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

        Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ harmfully misevaluated the medical evidence and witness testimony. Dkt. 12. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

**A.**     **Medical Evidence**

    *1.*     *Kimberly Wheeler, Ph.D. and David T. Morgan, Ph.D.*

        Plaintiff contends the ALJ misevaluated the opinions of Drs. Wheeler and Morgan. The ALJ must articulate the persuasiveness of each medical opinion, and specifically whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). The more relevant the objective medical evidence and supporting explanations

are supporting a medical opinion, and the more consistent a medical opinion is with other evidence from other medical and nonmedical sources in the record, the more persuasive the opinion will be. *See* 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). An ALJ's consistency and supportability findings must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

In June 2020, Dr. Wheeler performed a telephonic psychiatric examination of Plaintiff. Dr. Wheeler opined Plaintiff is markedly limited in her ability to perform activities within a schedule; complete a normal workday and workweek; and set realistic goals; and moderately limited in her ability to understand and remember, learn new tasks, perform routine tasks without supervision, adapt to changes, ask simple questions, communicate effectively, and maintain appropriate behavior. Tr. 719-21. Dr. Wheeler opined the severity of Plaintiff's overall impairments based upon the combined impact of diagnosed impairments is "severe." *Id.*

In May 2022, Dr. Morgan performed a telephonic psychiatric examination of Plaintiff. Dr. Morgan opined Plaintiff has the same limitations Dr. Wheeler assessed. Tr. 1021-1022.

The ALJ rejected Dr. Wheeler's opinions first indicating the doctor performed a telephonic examination and did not have records to review before the interview. Tr. 29. The exam was conducted by phone due to the Covid-19 pandemic, Tr. 720, just as the ALJ conducted the hearing telephonically due to Covid-19. Tr. 16. The ALJ did not explain why a telephonic exam was grounds to reject Dr. Wheeler's opinion. The ALJ similarly provided no rationale why not reviewing records before the interview is relevant. If other records were relevant, it would have been quite straight-forward for the ALJ to set forth other medical opinions and evidence of record that contradict Dr. Wheeler's opinions. However, the ALJ did not, and the Court accordingly finds the ALJ erred.

1   The ALJ next rejected Dr. Wheeler's opinion finding Plaintiff did not tell the doctor she
2   used cannabis and the doctor did not diagnose a cannabis disorder which might factor into
3   Plaintiff's mental functioning and the reliability of Plaintiff's statements to the doctor. Tr. 29.
4   The ALJ did not explain why cannabis use is relevant. The ALJ's decision did not find
5   cannabis use was a severe impairment. And if cannabis use was relevant to Plaintiff's
6   functioning, the ALJ was required to apply 20 C.F.R. §§ 404.1535(a), 416.935(a), which the ALJ
7   did not in this case. The ALJ's decision also notes "cannabis-use disorder" is a medically
8   determinable condition. Tr. 20. In support the ALJ cites "B9F/7", which states Plaintiff's
9   "diagnoses are not attributable to substance use." Tr. 858. The Court thus finds the ALJ erred in
10  rejecting Dr. Wheeler's opinion that non-disclosed cannabis use might affect Plaintiff's
11  functioning.
12  The Court also finds the ALJ erred in finding non-disclosed cannabis use "factors into"
13  the reliability of Plaintiff's statements to Dr. Wheeler. Dr. Wheeler reported Plaintiff admitted "I
14  have done pretty much everything but acid," Tr. 717-18, and thus it cannot be said Plaintiff
15  somehow hid the fact that she had used controlled substances, which would include cannabis.
16  The record also does not indicate Dr. Wheeler specifically asked Plaintiff about cannabis use,
17  and thus substantial evidence does not support a finding that Plaintiff hid information or lied to
18  Dr. Wheeler about cannabis use.
19  And lastly, the ALJ rejected Dr. Wheeler's opinions as inconsistent with the overall
20  record. In support, the ALJ specifically indicated Plaintiff's demonstrated functioning and "more
21  varied life" including being the primary caregiver for a daughter with "autism," making meals,
22  running errands, shopping, paying her bills and managing her checkbook, visiting her mother,
23  getting together with neighbors, and attending picnics, festivals, parties, and school events

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

1    undercut the doctor's opinions. Tr. 29.

2           Substantial evidence does not support this finding. Dr. Wheeler noted minimal daily

3    activities such as Plaintiff's visits to her mother; her care for her daughter, making microwave

4    meals, attempts to "try to get out," and "shops in a.m. to avoid crowds." Tr. 717-718. The daily

5    activities noted by the ALJ and Dr. Wheeler indicate Plaintiff engages in activities at home or

6    with her mother and avoids people when shopping by going to stores in the morning. Thus, these

7    activities do not contradict Dr. Wheeler's clinical findings that Plaintiff is avoidant of crowds,

8    gets panicky and can be anxious even at home, has nightmares and has simplistic language and

9    no observed abstract thought. *Id.*

10          The ALJ's finding that Plaintiff can attend picnics, festivals, and school events does not

11   accurately characterize the record about Plaintiff's general functioning. The ALJ cited B3F/93

12   which indicates Plaintiff's therapist was working on Plaintiff's "socializing," including going to

13   parenting groups, and Plaintiff said she would think about it because it would be scary; the

14   therapist observed "client's anxiety seemed to increase as evidenced by an increase in fidgeting

15   while speaking of volunteering to help with socialization." Tr. 671. The ALJ cited B3F/93 which

16   indicates Plaintiff can go to a "park," walked with her mother in a cancer walk and went to

17   Olympia with her mother and sister to celebrate their birthdays. Tr. 676. These activities show

18   Plaintiff's therapists are trying to encourage Plaintiff to be more social and that the activities she

19   has engaged in revolve around her mother and sister. The record does not support a finding that

20   Plaintiff can regularly function in larger group activities with other people as the ALJ's finding

21   suggests.

22          The ALJ cited B3F 102, 104, 108 and 124 and B5F/52. These records indicate Plaintiff's

23   therapists are working on Plaintiff's "cognitive distortions"; Plaintiff appears to be anxious;

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

Plaintiff had a family gathering and attended a "PCAP picnic party" and was "trying to use the breathing and self-talk skills" to cope with her "cognitive distortions"; Plaintiff cared for her daughter and was anxious when her housing was undergoing "house inspections"; Plaintiff attended a Christmas party and event at her daughter's school; Plaintiff's therapist discussed "setting a goal to help [Plaintiff] attend the celebration of life" of a friend who died; and Plaintiff discussed working on care issues regarding a paternity/child support date.

The ALJ focused on the portions of the records showing Plaintiff has attended a few social events but omitted other portions showing she is fearful and anxious about these activities, tells her therapist she does not want to go anywhere, appears to generally not attend or engage in social events with others, is tense, on edge and has a hard time relaxing and focusing, and that Plaintiff needed help from a case manager to complete her social security paperwork and asked that the manager take her to a social security appointment because she is anxious and needs help because she will say she understands things when she does not.

The ALJ's selective view of the record as to Plaintiff's activities is not an accurate summary of the majority of Plaintiff's treatment records regarding Plaintiff's ability to engage socially. Rather Plaintiff's records show Plaintiff generally does not engage in social activities with others and must be encouraged in therapy to do so. The Court accordingly concludes that the record, as a whole, does not support the ALJ's finding Plaintiff's activities are inconsistent with the limitations assessed by Dr. Wheeler.

The ALJ also rejected Dr. Morgan's 2022 opinion that Plaintiff has essentially the same limitations assessed by Dr. Wheeler. Tr. 29-30. The ALJ rejected Dr. Morgan's opinions for the same reasons he rejected Dr. Wheeler's opinions: Dr. Morgan did not review all of Plaintiff's

record; Plaintiff did not disclose cannabis use[1]; and Plaintiff's activities are inconsistent with Dr. Morgan's opinions. As discussed above the ALJ erred in relying upon these reasons to reject Dr. Wheeler's opinions and similarly erred in relying upon them to reject Dr. Morgan's opinions.

   2.   *Other Medical Evidence*

Plaintiff recites findings of her treating providers and argues they support the medical opinions of Drs. Wheeler and Morgan. Dkt. 12 at 5-9. Because the Court finds the ALJ erred in rejecting the opinions of Drs. Wheeler and Morgan, on remand, the records of the treating providers shall be assessed alongside the ALJ's reassessment of Dr. Wheeler's and Morgan's opinions.

   3.   *Plaintiff's Testimony*

The ALJ discounted Plaintiff's testimony about the severity of her physical and mental limitations first finding there was no evidence Plaintiff must elevate her legs daily. Tr. 24. Plaintiff has the burden to show error and has not shown this finding is unsupported. Rather Plaintiff argues she must elevate her legs based upon her testimony, but the ALJ may properly discount such testimony as unsupported by any evidence, as the ALJ did here.

Second, the ALJ rejected Plaintiff's testimony she could walk a maximum of two blocks as inconsistent with her normal gait and how she does not use an "assistive device." The ALJ found Plaintiff's testimony as "malingering." Tr. 24. The finding Plaintiff has normal gait is not necessarily probative of how far Plaintiff can walk. *See e.g., Sofia D. v. Saul*, 2021 WL 5020448 at * 5 (C.D. Cal. Jan. 28, 2021) (rejecting ALJ's finding that claimant's normal gait is inconsistent with claimant's testimony they can walk only five to ten minutes).

---

[1] Dr. Morgan noted Plaintiff has a history of stimulant **abuse** but the record does not show he asked Plaintiff if she **used** cannabis.

The ALJ's finding Plaintiff does not use an assistive device implies that only a claimant who uses an assistive device could have Plaintiff's walking limitations. But that is not necessarily the case and even claimants who "use" an assistive device are not automatically deemed needing such a device to walk longer distances. *See e.g., Marin v. Astrue*, No. 11-9331, 2012 WL 5381374, at *4 (C.D. Cal. Oct. 31, 2012) (finding ALJ "justifiably concluded that plaintiff's use of a cane did not warrant a more limited RFC" where only plaintiff's own testimony corroborated her use of a cane). The Court accordingly finds the ALJ erred in rejecting Plaintiff's testimony on the above grounds and in finding Plaintiff was "malingering."

Third, the ALJ found there was no evidence supporting Plaintiff's claim she must constantly move, change positions. and take frequent naps. Other than presenting her own testimony in support of these limitations, Plaintiff fails to show the ALJ erred in finding no evidence to support her claim. The Court accordingly finds Plaintiff fails to meet her burden to show harmful error.

Fourth, the ALJ found Plaintiff worked on self-care because she took showers while her daughter was at school and worked on increasing her recreational activities by going to Olympia where she had fun shopping. Tr. 24. There is no reasonable basis to conclude that taking a shower while a child is at school contradicts Plaintiff's testimony or is probative of the ability to perform work activity. Plaintiff did tell her therapist she went to Olympia and had fun shopping as noted above, this type of activity appears to be atypical and not activity that Plaintiff can regularly engage in. The Court accordingly concludes the ALJ erred.

Fifth, the ALJ discounted Plaintiff's testimony citing the social activities the ALJ also relied upon to reject the opinions of Drs. Wheeler and Morgan. Tr. 24-25. As noted above, Plaintiff's records show the six activities the ALJ noted are atypical and that by and large

1  Plaintiff does not engage in such activities. The Court thus finds the ALJ erred.

2  And sixth, the ALJ found that in February 2020 Plaintiff said she had to start working
3  eight hours a week. Tr. 25. The ALJ relied upon a record which indicates Plaintiff was told she
4  has to work eight hours a week but omitted the portion of the record about Plaintiff's concerns
5  about meeting that requirement. Tr. 713. Additionally, there is no indication Plaintiff ever
6  performed such work, and even if she worked eight hours a week, that level of activity does not
7  show she is not disabled. *See e.g., Christopher K. v. Social Security Administration*, 649 F.Supp.
8  3d 1041, 1048 (D. Or. 2023) (Rejecting ALJ's determination that working 2.5 hours a day
9  undercuts Plaintiff's claim of disabling anxiety and panic attacks).

10  3.  *Lay Witness Testimony*

11  The ALJ stated he considered the lay witness evidence, is "not required to articulate in
12  the decision how such statements were considered," and thus provided no further discussion
13  regarding these witnesses. Tr. 30. The Court rejects the Commissioner's argument the ALJ need
14  not articulate his or her consideration of the lay witness testimony. An ALJ is required to
15  determine RFC based upon all relevant evidence of record; this includes observations made by a
16  claimant's family, neighbors, friends, or other person. *See* 20 C.F.R §§ 404.1454(a)(1),
17  404.1545(a)(3). That an ALJ can disregard or reject relevant lay witness evidence for no reason
18  is inconsistent with the Commissioner's obligation to consider such evidence, and the rule the
19  ALJ must provide some rationale in order for the Court to meaningfully determine whether the
20  ALJ's conclusions are free of legal error and supported by substantial evidence. *See, e.g.,*
21  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

22  The Court also rejects the Commissioner's argument that even if the ALJ erred the error
23  is harmless. This argument fails because the ALJ erred in rejecting Plaintiff's testimony. Further,

the Commissioner's argument that the lay testimony is contradicted by the opinions of Drs. Childs, Platter, Brown and Comrie, are the Commissioner's post-hoc explanations, not findings that the Court can rely upon because the ALJ declined to make any findings.

## CONCLUSION

The Court finds the ALJ erred in rejecting the opinions of Drs. Wheeler and Morgan and the testimony of Plaintiff and the lay witnesses. As noted above the ALJ did not err in discounting Plaintiff's testimony about her need to elevate her feet, constantly move, change positions, and take frequent naps. The Court therefore **REVERSES** the Commissioner's final decision under sentence four of 42 U.S.C. § 405(g) and **REMANDS** the matter for further administrative hearings.

On remand, the ALJ shall reassess the opinions of Drs. Wheeler and Morgan and the testimony of Plaintiff (except for feet elevation, need to move, change positions, or nap which the Court affirmed) and the lay witnesses; reassess Plaintiff's treatment records in light of this reassessment; develop the record and redetermine RFC as needed, and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 1st day of April, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge